UNITED STATES of America,
Plaintiff–Appellee,

v.

Eke Agbai AGBAI,
Defendant–Appellant.

No. 90–1143.

United States Court of Appeals,
Tenth Circuit.

April 16, 1991.

Michael G. Katz, Federal Public Defender, Susan L. Foreman, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Michael J. Norton, U.S. Atty., Stephen D. Shirey, Sp. Asst. U.S. Atty., Denver, Colo., for plaintiff-appellee.

Before LOGAN, MOORE, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Eke Agbai Agbai, a citizen of Nigeria, was indicted for two charges of bank fraud (counts I and II) and for false use of a social security number (count III).[1] While

---

1. According to the record on appeal and the parties' briefs, these charges arose out of Mr. Agbai's use of false identification, including a social security number not assigned to him, to open bank accounts. Deposits were then made to the accounts with checks from other closed or nonexistent accounts or with stolen money

on bond after the arraignment, he did not appear at a district court hearing because he had fled the United States for London, England. He was arrested several months later reentering the United States at New York City. The charge of failure to appear (count IV), was added by superseding indictment. Mr. Agbai entered a plea agreement and pled guilty to counts I, III, and IV. He was sentenced to concurrent ten month terms of imprisonment for counts I and III and a consecutive twelve month term for count IV, with a three year period of supervised release. On appeal,[2] he challenges the legality of his sentence for count IV under United States Sentencing Commission, *Guidelines Manual*, § 2J1.6 (Nov.1989).[3] We affirm.

Mr. Agbai was charged with count IV pursuant to 18 U.S.C. § 3146(a)(1)(1988),[4] and sentenced under U.S.S.G. § 2J1.6 pursuant to 18 U.S.C. § 3146(b)(1)(B).[5] Under these provisions, the sentencing formula for failure to appear is based on the maximum penalty for the underlying charge which the defendant attempted to evade. In Mr. Agbai's case, the maximum sentence for counts I and III was five years, but his actual sentence was two concurrent ten-month terms. Mr. Agbai submits that this lack of correspondence between the maximum possible sentence and the actual sentence received renders section 2J1.6 unlawful for two reasons. First, he argues that it fails to comply with 18 U.S.C. § 3553, which requires courts to consider the nature and circumstances of the offense and impose a sentence consistent with the seriousness of the offense. *See United States v. Lee*, 887 F.2d 888, 890 (8th Cir.1989). And second, he argues that section 2J1.6 violates the requirement of 28 U.S.C. § 994 that all mitigating and aggravating circumstances of the defendant's conduct be considered, promoting not only certainty but also fairness. *Id.*

■ We review the district court's legal interpretation of the guidelines *de novo*. *See United States v. Florentino*, 922 F.2d 1443, 1445 (10th Cir.1990) (citing *United States v. Roberts*, 898 F.2d 1465, 1469 (10th Cir.1990)). Because the sentencing guidelines are the United States Sentencing Commission's application of statutory di-

---

orders, followed by immediate withdrawals of cash or procurement of cashier's checks.

2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 43(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

3. **§ 2J1.6. Failure to Appear by Defendant**
   (a) Base Offense Level: 6
   (b) Specific Offense Characteristics
   (1) If the underlying offense is punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels.
   (2) If the underlying offense is punishable by a term of imprisonment of five or more years, but less than fifteen years, increase by 6 levels.
   (3) If the underlying offense is a felony punishable by a maximum term of less than five years, increase by 3 levels.
   *Commentary*
   *Statutory Provision:* 18 U.S.C. § 3146(b)(1).
   *Application Notes:*
   1. "Underlying offense" means the offense in respect to which the defendant failed to appear.
   2. By statute, a term of imprisonment imposed for this offense runs consecutively to any other term of imprisonment imposed. 18 U.S.C. § 3146(b)(1).

   . . . .

   *Background:* This section applies to a failure to appear by a defendant who was released pending trial, sentencing, appeal, or surrender for service of sentence. The offense level for this offense increases in relation to the statutory maximum of the underlying offense.
   U.S.S.G. § 2J1.6.

4. 18 U.S.C. § 3146(a)(1) provides in pertinent part: **"Penalty for failure to appear (a) Offense.**—A person commits an offense if, after having been released pursuant to this chapter— (1) he knowingly fails to appear before a court as required by the conditions of his release."

5. 18 U.S.C. § 3146(b)(1) provides in pertinent part:
   **(b) Grading.**—If the person was released—
   (1) in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction, for—
   . . . .
   **(B)** an offense punishable by imprisonment for a term of five or more years, but less than fifteen years, he shall be ... imprisoned for not more than five years.

rectives, we review this challenge to a specific guideline to determine whether it is "sufficiently reasonable" in light of the statute. *Federal Election Comm'n v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 39, 102 S.Ct. 38, 46, 70 L.Ed.2d 23 (1981). "Furthermore, the Guidelines should be interpreted as if they were a statute or court rule; therefore we follow the clear, unambiguous language of the guidelines unless there is a manifestation of contrary intent." *Florentino*, 922 F.2d at 1446.

■ The issue and the arguments presented by Mr. Agbai in this case have previously been considered and rejected by the Ninth Circuit. In *United States v. Nelson*, 919 F.2d 1381 (9th Cir.1990), the defendant failed to appear at two hearings prior to trial, and a superseding indictment charging failure to appear in violation of 18 U.S.C. § 3146 was returned. At the jury trial, the defendant was acquitted of the underlying charges and pled guilty to the charge of failure to appear. *Id.* at 1382. The district court judge sentenced the defendant to thirty-six months, pursuant to U.S.S.G. § 2J1.6, with appropriate modification for criminal history and acceptance of responsibility. *Id.* The Ninth Circuit upheld the sentence on three grounds. First,

> The failure to appear to answer more serious crimes could be seen as a greater offense than when one is initially charged with less serious crimes. One facing a potentially longer prison term has more of an incentive to flee, and thus a longer sentence could be seen as necessary to deter him. The deterrent effect is one of the purposes of sentencing that the Commission and sentencing court are to consider.

*Id.* at 1384 (citing 28 U.S.C. §§ 991(b)(1)(A), 994(c)(6); 18 U.S.C. § 3553(a)(2)(B)). Second, since Mr. Nelson's acquittal of the underlying charges occurred after his failure to appear, the acquittal could not have been a mitigating factor affecting his conduct with respect to his crime of failure to appear. *Id.* And third, section 2J1.6 "can be said to reflect the Commission's proper

consideration of 'the community view of the gravity of the offense' and 'the public concern generated by the offense.'" *Id.* (citing 28 U.S.C. § 994(c)(4), (5)).

Mr. Agbai urges us to apply the holding of *United States v. Lee*, 887 F.2d 888 (8th Cir.1989). However, we note, as did the Ninth Circuit in *Nelson*, 919 F.2d at 1383–84, the explicit distinction between the case of presentencing failure to appear and that reviewed by the Eighth Circuit in *Lee*. In *Lee*, the defendant failed to report after she had been sentenced, and the court found that in the circumstance of post-sentencing failure to report when the sentence for the underlying offense is but a fraction of the maximum, the court should sentence for the failure to report as if there were not guidelines applicable for this offense. *Lee*, 887 F.2d at 892. The court ruled that application of section 2J1.6 was invalid "insofar as it deals with a defendant's failure to appear *after a sentence has been imposed* that is but a fraction of the maximum." *Id.* (emphasis added). However, the Eighth Circuit itself distinguished its holding from cases such as ours:

> The defendant who fails to appear pending trial, appeal, or sentencing has no knowledge of what sentence he will ultimately face for the underlying offense. In such a circumstance, the possibility remains that the defendant will be sentenced to serve the statutory maximum sentence for the underlying offense.

*Id.* at 891. Thus, the court's ruling in *Lee*, does not assist Mr. Agbai, who failed to appear prior to trial.

■ As to Mr. Agbai's argument that section 2J1.6 deprives the sentencing court of consideration of mitigating circumstances, in *United States v. Savage*, 888 F.2d 528 (7th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2567, 109 L.Ed.2d 750 (1990), the court disagreed with a similar proposition, noting that under Policy Statement 4(b) [U.S.S.G. Pt. A.4(b) (1989)], the only circumstance in which a particular mitigating factor will *not* be considered is when the Commission expressly forecloses that particular factor from being a basis of departure. Section 2J1.6 contains no such

prohibition. *Savage*, 888 F.2d at 529. The court also noted that if the defendant's appeal were in actuality a complaint that the district court had denied a discretionary downward departure, the circuit court would not have jurisdiction over such appeal, citing *United States v. Franz*, 886 F.2d 973 (7th Cir.1989). *Id.* at 530; *accord United States v. Davis*, 900 F.2d 1524, 1529–30 (10th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *cf. Franz*, 886 F.2d at 981 (court is not required to depart in every situation in which it is allowed to do so).

We agree with the holding of the Ninth Circuit for the reasons outlined in *Nelson*, 919 F.2d at 1384. There is a direct relationship between the length of the potential sentence which one who fails to appear attempts to evade and the seriousness of the evasion. A correspondence between a sentence for the offense of failure to appear and the seriousness of the charge for which the defendant failed to appear is logical and compelling, and thus does not violate the restraints of 18 U.S.C. § 3553. The sentence ordered for a defendant's underlying offense(s) is not an aggravating or mitigating circumstance for his or her crime of failure to appear, so that reliance on 28 U.S.C. § 994 is misplaced. And, section 2J1.6 responds to the community view of the seriousness of this affront to the court and waste of government and judicial resources, as well as public concern generated by the failure of defendants to appear in court.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.