**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Clifford R. PIERSON, Defendant–
Appellee.**

**No. 90–5399.**

United States Court of Appeals,
Fourth Circuit.

Argued April 12, 1991.

Decided Oct. 7, 1991.

As Amended Oct. 25, 1991.

David Earl Godwin, Asst. U.S. Atty., Clarksburg, W.Va., argued (William A. Kolibash, U.S. Atty., on brief), for plaintiff-appellant.

Stephen Godfrey Jory, Busch, Jory, Smith & Talbott, Elkins, W.Va., argued, for defendant-appellee.

Before ERVIN, Chief Judge, and WIDENER, and HAMILTON, Circuit Judges.

## OPINION

ERVIN, Chief Judge:

Clifford Pierson was charged in a three count indictment resulting from a bombing incident. These charges included two counts relating to the explosion and one count of making false declarations to the Grand Jury. After a jury trial, Pierson was acquitted of the explosives charges but was convicted of the false declarations charge. At sentencing, the government urged that Pierson be sentenced as an accessory after the fact under sections 2J1.3(c) and 2X3.1 of the Federal Sentencing Guidelines. The district court found that Pierson should not be sentenced as an accessory after the fact. The government appealed this determination. We find no error in the sentence imposed by the district court and hereby affirm.

I

On Monday morning, November 14, 1988, a pipe bomb exploded in the Home National Bank in Sutton, West Virginia. The explosion seriously injured the bank's chief executive officer, Roy W. Cutlip. The bomb was inside a file box which had been placed on Cutlip's desk. It exploded when he opened the file box. The box was placed on Cutlip's desk sometime between 10:30 a.m. Sunday, November 13 and 7:00 a.m. Monday, November 14. Two witnesses testified that they saw Pierson, a bank officer for Home National, on or near the bank premises during the Sunday afternoon to Monday morning time period. Investigators obtained permission to search Pierson's home. There they found and seized a pipe wrench.

On January 11, 1989, Pierson appeared before the Federal Grand Jury. He was asked whether he was at the bank on Sunday afternoon or early Monday morning. He denied being present at the bank on either occasion.

In late August 1989, the Alcohol Tobacco and Firearms laboratory notified investigators that its toolmark expert was of the opinion that Pierson's pipe wrench was the tool which had made marks on the pipe fragments that were recovered from the scene of the bombing. When Pierson was informed of the pipe wrench evidence, he responded that someone else must have stolen the wrench and then returned it.

On September 20, 1989, the Grand Jury in the Northern District of West Virginia handed down a three count indictment against Pierson. Count I charged Pierson

with knowingly possessing a firearm (a destructive device) in violation of 26 U.S.C. § 5861(c) and 5871. Count II charged Pierson with malicious damage by means of an explosive (a pipe bomb) resulting in injuries to another person in violation of 18 U.S.C. § 844(i). Count III charged Pierson with knowingly making false material declarations to the Grand Jury while under oath in violation of 18 U.S.C. § 1623. The allegedly false declarations were Pierson's denials that he had been at the bank near the time of the bombing. A jury trial was held on March 13–16, 1990. Pierson was acquitted on Counts I and II but was convicted on Count III.

In the original presentence report, the probation officer calculated Pierson's offense level at 15. He used a base offense level of 12 as provided in § 2J1.3(a) of the Federal Sentencing Guidelines ("Guidelines") and adjusted it upwards 3 levels for substantial interference with the administration of justice under Guidelines § 2J1.3(b)(2) because the offense involved false testimony before a grand jury. Pierson objected to the 3 level enhancement under § 2J1.3(b)(2). The government objected to the offense level, arguing that § 2J1.3(c) required that the court apply § 2X3.1 because Pierson was an accessory after the fact.

At the sentencing hearing, the district court agreed with the defendant's objection to the 3 level enhancement. The court disagreed with the government's assertion that § 2X3.1 should be applied. Therefore, the court found that Pierson's base level was 12 and his criminal history category was I. Thus, the sentencing range was 10–16 months. The court then sentenced Pierson under Guidelines § 5C1.1(d) to 5 months imprisonment, followed by supervised release for two years with the first 5 months being spent in home detention. Thereafter, Pierson filed a Motion for Confinement In Work Release Facility seeking a reconsideration of the terms of his sentence. The court denied Pierson's motion and declined to modify the terms of Pierson's sentence.

The government appealed Pierson's sentence on the ground that the court should have applied § 2X3.1. The court's determination that Pierson was not an accessory after the fact in this case was a legal conclusion which is subject to *de novo* review. *See United States v. Huppert,* 917 F.2d 507, 510 (11th Cir.1990).

## II

This case involves the application of Section 2J1.3(c) of the Guidelines. Section 2J1.3(c) is a cross reference section which provides:

> (1) If the offense involved perjury or subornation of perjury in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

United States Sentencing Commission, *Guidelines Manual,* § 2J1.3(c) (Nov. 1989) (hereinafter U.S.S.G.). Section 2X3.1 is the "Accessory After the Fact" section which provides:

> (a) Base Offense Level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30.

U.S.S.G. § 2X3.1. Thus, under § 2J1.3(c), a court must determine if Pierson's perjury was "in respect to a criminal offense." If so, the court must apply § 2X3.1 if application of § 2X3.1 would result in a greater sentence than determined under the other sections of § 2J1.3.

In this case, it is clear that Pierson's perjury was "in respect to a criminal offense." His perjury related to whether or not he was near the bank near the time of the bombing. Pierson repeatedly testified that he was not, and the jury apparently believed that Pierson lied to the Grand Jury in those denials. Bombing is certainly a criminal offense. *See* 18 U.S.C.A. § 844(i) (West.Supp.1991). Therefore, it is clear that the perjury was in respect to a criminal offense. As a result, § 2J1.3(c) requires the application of § 2X3.1, unless § 2X3.1 by its terms does not apply to the facts in this case.

Once we have determined that § 2X3.1 applies, we must then determine what sentence, if any, would be required under § 2X3.1. The district court found that § 2X3.1 did not apply without a great deal of discussion. The court stated:

> The probation officer addressed this position in the Second Addendum to the Presentence Report and found that he did not believe this should apply, because the defendant was acquitted of the underlying offense. And the underlying offense is described in 2X3.1, as an offense to which the defendant is convicted of being an accessory.

Joint Appendix at 50. We cannot agree with the rationale of the district court. The Guidelines do not require a conviction of the underlying offense unless the particular provision expressly requires conviction. *See* U.S.S.G. § 1B1.3, Application Note 5. Application Note 5 to § 1B1.3 provides:

> A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.... Unless such an express direction is included, conviction under the statute is not required.

*Id.* Section 2X3.1 does not expressly require a conviction of the underlying offense. Therefore, we find that the district court was wrong in its rationale for not applying § 2X3.1. However, this conclusion does not end our inquiry. We must still determine whether § 2X3.1 applies in this case.

Unfortunately, we have found no caselaw directly dealing with the interplay between § 2J1.3 and § 2X3.1. However, a recent Eleventh Circuit case involved a similar guideline provision and gives us great guidance. *See United States v. Huppert,* 917 F.2d 507 (11th Cir.1990) (dealing with the issue of whether to apply § 2X3.1 through Guideline 2J1.2(c)(1)).

Guideline § 2J1.2 is the Obstruction of Justice provision. *See* U.S.S.G. § 2J1.2. It is very similar to § 2J1.3. Both begin with a base level of 12. *Compare* U.S.S.G. § 2J1.2(a) *with* U.S.S.G. § 2J1.3(a). Both add 8 levels if the offense involved personal or property damage. *Compare* U.S.S.G. § 2J1.2(b)(1) *with* U.S.S.G. § 2J1.3(b)(1). Both add 3 levels if the offense resulted in a substantial interference with the administration of justice. *Compare* U.S.S.G. § 2J1.2(b)(2) *with* U.S.S.G. § 2J1.3(b)(2). Finally, both have a cross reference section to § 2X3.1 if the offense was "in respect to a criminal offense." *Compare* U.S.S.G. § 2J1.2(c)(1) *with* U.S.S.G. § 2J1.3(c)(1). The language in each provision is identical.

The Commentary to the Perjury Section (§ 2J1.3) indicates that the Perjury Section should be interpreted like the Obstruction of Justice Section. The Background Commentary provides:

> "The Commission believes that perjury should be treated similarly to obstruction of justice. Therefore, the same considerations for enhancing a sentence are applied in the specific offense characteristics, and an alternative reference to the guideline for accessory after the fact is made."

U.S.S.G. § 2J1.3, Background Commentary. Due to this instruction to treat the two provisions similarly, we think it appropriate to look at the Commentary to the Obstruction of Justice Section (§ 2J1.2) for further guidance. The Background Commentary to § 2J1.2 provides:

> The specific offense characteristics reflect the more serious forms of obstruction. Because the conduct covered by this guideline is frequently part of an effort to assist another person to escape punishment for a crime he has committed, an alternative reference to the guideline for accessory after the fact is made.

U.S.S.G. § 2J1.2, Background Commentary. The Eleventh Circuit seized upon this Background Commentary to § 2J1.2 in *United States v. Huppert,* 917 F.2d 507 (11th Cir.1990).

In *Huppert,* the defendant was indicted on two counts for obstructing justice. He had encouraged two persons who had been subpoenaed to the grand jury to testify that his deceased associate was involved in certain money laundering activities which

were under investigation. Huppert was convicted of the two counts of obstructing justice in violation of 18 U.S.C. § 1503. At sentencing, the trial court determined that the government had presented sufficient evidence to prove that Huppert was guilty of the underlying criminal activity under investigation. *Id.* at 509. The trial court also determined that Huppert was trying to help others by obstructing justice. *Id.* The trial court applied § 2J1.2(c)(1) and then treated Huppert as an accessory after the fact under § 2X3.1.

The Eleventh Circuit reversed the trial court's sentencing. *Id.* at 511. The court began by noting that determining whether Huppert was an accessory after the fact was a legal conclusion subject to *de novo* review. *Id.* at 510. The court then found that the district court had erred in concluding that Huppert attempted to protect others and therefore was an accessory after the fact. *Id.* The court relied upon the above mentioned Background Commentary to § 2J1.2 as support for its holding:

> The guideline itself contemplates that one sentenced through the cross-reference as an accessory cannot be a principal.... [U]nder the guidelines, relevant conduct is incorporated into the base offense level by a prescribed process. Section 2J1.2(c)(1) provides a specific method by which a court may consider conduct outside the offense of conviction. That method is consistent with our understanding of the law of principals and accessories. Because Huppert cannot be sentenced as an accessory after the fact, we conclude that the district court incorrectly applied § 2J1.2(c)(1) to this case.

*Id.* at 511.

The *Huppert* reasoning is instructive. In the case at bar, Pierson was charged as a principal in the bombing at the bank. He was not charged as an accessory. When he denied being present at the bank near the time of the bombing, it seems more than likely that Pierson was trying to protect himself, rather than others.

The government argues that *Huppert* is factually distinguishable. The government points to the fact that Huppert was convicted of being a principal in the underlying offenses. In contrast, Pierson was acquitted of being a principal in the underlying offenses. As a result, the government contends that Pierson *must* have been trying to protect someone other than himself. However, it is just as likely, if not *more* likely, that Pierson was trying to protect himself. In fact, he may have successfully done just that given his acquittal in the underlying two counts. We do not believe that the government's assertion that Pierson must have been protecting others is supportable. The fact that the government charged him as principal in Counts I and II refutes that assertion.

Under the rationale of *Huppert*, Pierson is not an accessory after the fact. This view is further supported by the holding in *United States v. Berkowitz*, 712 F.Supp. 707 (N.D.Ill.1989), *rev'd on other grounds*, 927 F.2d 1376 (7th Cir.1991).* There, Berkowitz was convicted of two counts of obstruction of justice and one count of stealing United States property. *Id.* at 708. The district court held that § 2X3.1 was inapplicable to Berkowitz:

> The government also claims that the court should apply § 2X3.1, which results in a higher offense level for Counts I and II. Section 2X3.1, however, is inapplicable. That section is entitled, "Accessory After the Fact." Applying § 2X3.1 in the instant case would result in treating Berkowitz as an accessory to his own alleged tax fraud and mail fraud. The official comments to § 2J1.2 indicate that such an application of § 2X3.1 is not appropriate. Therein, the commission explains that § 2X3.1 is applied in obstruction of justice cases "[b]ecause the conduct covered by the [obstruction of justice] guideline is frequently part of the effort to assist *another person* to escape punishment for a crime he committed." (Emphasis added.) Since Ber-

---

\* *United States v. Berkowitz*, like *Huppert*, involves the interaction between § 2J1.2(c) and § 2X3.1 rather than § 2J1.3(c) and § 2X3.1.

kowitz did not commit obstruction of justice to assist another person, § 2X3.1 is inapplicable.

*Id.* at 709.

We find that section 2X3.1 does not apply in this case for the reasons stated in *Huppert* and *Berkowitz*, namely that Pierson was most likely trying to protect himself and not others. Although *Huppert* and *Berkowitz* involved § 2J1.2(c) rather than § 2J1.3(c), the reasoning of those cases is applicable by analogy. The commentary to § 2J1.3 supports the use of such an analogy between § 2J1.2(c) and § 2J1.3(c). *See* U.S.S.G. § 2J1.3, Background Commentary.

We note that when the government seeks to enhance a sentencing range, it bears the burden of proof. *United States v. Urrego–Linares,* 879 F.2d 1234, 1239 (4th Cir.1989). We find that Pierson's range should be enhanced under § 2X3.1. Therefore, we find that the district court properly refused to apply § 2X3.1 in this case, and we affirm the sentence imposed upon Pierson.

AFFIRMED.

WIDENER, Circuit Judge, dissenting:

I respectfully dissent.

The majority devotes a substantial portion of its opinion to discussing whether the government has proven that the defendant was indeed an accessory after the fact. This discussion, I believe, is made necessary only by the majority's decision to read into the relevant guideline an additional condition neither contemplated nor required by its content.

As I read section 2J1.3(c)(1) of the Federal Sentencing Guidelines, a defendant (in the factual situation present here) who commits an offense involving perjury in respect to a criminal offense must be sentenced as if he were an accessory after the fact in respect to that criminal offense. Nowhere do I find the additional requirement, as imposed by the majority, under which the government must prove that the defendant in such a case was in fact an accessory after the fact, making necessary proof in this case of trying to protect not himself, but others by his perjury.

I would accordingly remand this case to the district court for resentencing.