**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Johnny Eugene GLOVER, Defendant–Appellant.**

No. 94–5129.

United States Court of Appeals, Tenth Circuit.

April 3, 1995.

Thomas Scott Woodard (Stephen C. Lewis, U.S. Atty., with him on the brief), Asst. U.S. Atty., Tulsa, OK, for plaintiff-appellee.

Stanley D. Monroe, Tulsa, OK, for defendant–appellant.

Before BRORBY and EBEL, Circuit Judges, and BRATTON,* District Judge.

BRORBY, Circuit Judge.

Mr. Glover pled guilty to violating 18 U.S.C. § 1623, False Declarations Before the Court, and now appeals his sentence. Specifically, Mr. Glover pled guilty to making two irreconcilable sworn statements on two different occasions. *See* 18 U.S.C. § 1623(c). One statement was testimony given in court during his brother's criminal trial; the other was a sworn affidavit given to help his brother get a new trial. Mr. Glover appeals his sentence claiming (1) the district court erred by applying a cross-reference provision in the sentencing guidelines which directed the court to sentence Mr. Glover as an accessory after the fact, (2) the district court erred in using the entire quantity of methamphetamine from the underlying offense in calculating Mr. Glover's base offense level, and (3) the district court erred in calculating Mr. Glover's criminal history. We find no error in the sentencing; therefore, we affirm Mr. Glover's sentence.

## BACKGROUND

Mr. Glover was serving time in prison when he was indicted on a charge of Continuing Criminal Enterprise. Mr. Glover agreed to enter a plea of guilty to the charge and to testify against his brother, Roy Glover, in exchange for a reduced sentence. Mr. Glover testified, during his brother's trial, that his brother operated a methamphetamine laboratory and delivered methamphetamine to another coconspirator. The brother was subsequently convicted of conspiracy to manufacture, possess, and distribute methamphetamine.

Later, when the brother moved for a new trial, Mr. Glover executed an affidavit under oath stating his brother was never physically present at the site of the methamphetamine laboratory, his brother never participated in the operation of the laboratory, and his brother never received any of the proceeds from the sale of the methamphetamine. The affidavit stated Mr. Glover's trial testimony to the contrary was false. As a result of this affidavit and his trial testimony, Mr. Glover was indicted on five counts of making irreconcilably contradictory sworn declarations in violation of 18 U.S.C. § 1623(c).

Mr. Glover pled guilty to violating § 1623, and the prosecution dropped the remaining four counts. Using U.S.S.G. § 2J1.3[1] and § 2X3.1,[2] the sentencing court calculated Mr. Glover's base offense level to be 30.[3] The court granted a three point reduction for acceptance of responsibility pursuant to guideline § 3E1.1(b)(2) (Acceptance of Responsibility) but increased Mr. Glover's criminal history to a category of III pursuant to § 4A1.1(d)[4] and (e).[5] These calculations resulted in a sentence of sixty months incarceration, three years supervised release, a fine of $2,000, and a special assessment of $50. Section § 1623(a) restricts the maximum sentence for violating 18 U.S.C. § 1623 to a fine of "not more than $10,000 or imprisonment not more than five years, or both." Mr. Glover thus received the maximum length of imprisonment allowed under the statute.

## I

We review a sentencing court's interpretation of law *de novo* and its factual

---

* The Honorable Howard C. Bratton, Senior United States District Court Judge for the District of New Mexico, sitting by designation.

1. *"Perjury or Subornation of Perjury; Bribery of Witness.*... If the offense involved perjury ..., apply § 2X3.1 (Accessory After the Fact)." U.S.S.G. § 2J1.3(c)(1).

2. *"Accessory After the Fact* (a) Base Offense Level: **6** levels lower than the offense level for the underlying offense, but in no event less than **4**, or more than **30**." U.S.S.G. § 2X3.1.

3. The court sentenced Mr. Glover in May of 1994.

4. *"Criminal History Category*.... Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including ... imprisonment." U.S.S.G. § 4A1.1(d).

5. *"Criminal History Category* ... Add **2** points if the defendant committed the instant offense ... while in imprisonment.... If **2** points are added for item (d), add only **1** point for this item." U.S.S.G. § 4A1.1(e).

findings under a clearly erroneous standard. *United States v. Lowder,* 5 F.3d 467, 470 (10th Cir.1993). We must accept the plain meaning of the language of the guidelines as we would in interpreting a statute. *United States v. Agbai,* 930 F.2d 1447, 1449 (10th Cir.1991).

■ Mr. Glover claims the district court erred in calculating his sentence in accordance with the method prescribed in § 2X3.1, "Accessory After the Fact," because he was not convicted of being an accessory after the fact. Section 2J1.3 provides:

**Perjury or Subornation of Perjury; Bribery of Witness**

(a) Base Offense Level: **12**

. . . .

(c) Cross Reference

    (1) If the offense involved perjury, subornation of perjury, or witness bribery in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

Section 2X3.1 states:

**Accessory After the Fact**

(a) Base Offense Level: **6** levels lower than the offense level for the underlying offense, but in no event less than **4**, or more than **30**. *Provided,* that where the conduct is limited to harboring a fugitive, the offense level shall not be more than level **20**.

. . . .

*Application Notes:*

    *1. "Underlying offense" means the offense as to which the defendant is convicted of being an accessory. Apply the base offense level plus any applicable specific offense characteristics that were known, or reasonably should have been known, by the defendant; see Application Note 10 of the Commentary to § 1B1.3 (Relevant Conduct).*

As the plain language of § 2J1.3 indicates, a defendant charged with perjury is to be sentenced according to the method set forth in § 2X3.1 (Accessory After the Fact). Guideline § 2J1.3 requires the base level offense to be calculated under § 2X3.1 if (1) perjury was part of the violation, (2) the underlying offense was a criminal offense, and (3) the resulting offense level would be greater than the offense level calculated by § 2J1.3 alone. U.S.S.G. § 2J1.3(c). The sentencing court found these conditions were met. Therefore, the court correctly sentenced Mr. Glover using § 2X3.1 even though Mr. Glover may not have been an accessory after the fact. This reading of the Guidelines is consistent with the application of the § 2J1.3 cross-reference by some of our sister circuits. *See United States v. Gay,* 44 F.3d 93 (2d Cir.1994); *United States v. Bertoli,* 40 F.3d 1384, 1402 (3d Cir.1994) (in dicta, the court notes an identical cross-reference from § 2J1.2(c) to § 2X3.1 applies even though the declarant was obstructing investigations into his own unlawful activities).

Mr. Glover claims § 2X3.1 can only be used if the declarant is an accessory after the fact because the application notes of § 2X3.1 define "underlying offense" as the offense "as to which the defendant is convicted of being an accessory." U.S.S.G. § 2X3.1 comment. (n. 1). Since he was not convicted of being an accessory, Mr. Glover maintains there is no underlying offense. However, the application notes of § 2X3.1 relate to the substantive crime of accessory after the fact. The application notes are not relevant in this case because § 2X3.1 is being used simply as a formula for the perjury offense.

Regardless of the plain language of the statute, Mr. Glover persists in his argument by relying on cases in which the cross-reference from § 2J1.3 to § 2X3.1 did not apply. The Fourth and Eleventh Circuits have carved out an instance where the cross-reference is inappropriate. *See United States v. Pierson,* 946 F.2d 1044 (4th Cir.1991); *United States v. Huppert,* 917 F.2d 507 (11th Cir.1990).[6] The *Pierson* and *Huppert* opin-

**6.** *Huppert* dealt with the cross-reference from § 2J1.2(c), "Obstruction of Justice," to § 2X3.1 (Accessory After the Fact). The commentary to

the perjury section suggests that the perjury section should be interpreted like the obstruction of justice section. U.S.S.G. § 2J1.3, Background

ions hold that the cross-reference to § 2X3.1 cannot be invoked when the perjury was committed for the purpose of helping the declarant as opposed to assisting a. third party. *Pierson,* 946 F.2d at 1047–49; *Huppert,* 917 F.2d at 510. These courts implicitly required the declarant to actually be an accessory after the fact in order to apply the calculation of § 2X3.1. Although the Sixth Circuit had used the cross-reference when a declarant benefitted himself by perjury, *see United States v. Gomez–Vigil,* 929 F.2d 254 (6th Cir.1991), it too has stated the issue to be determined before applying the cross-reference to § 2X3.1 is "whether the defendant was an accessory after the fact to the [underlying offense]," *United States v. Colbert,* 977 F.2d 203, 208 (6th Cir.1992).

■ We are unpersuaded by the cases of the Fourth, Sixth, and Eleventh Circuits. None of these cases analyzes the plain language of the Guideline provisions, which we find dispositive. Rather, each seems to be influenced by the heading of § 2X3.1, "Accessory After the Fact." The sentencing guidelines must be interpreted as though they were a statute, *see United States v. Smith,* 900 F.2d 1442, 1446 (10th Cir.1990), and under the general rules of statutory interpretation, the title to a statutory provision is not part of the law itself, although it can be used to interpret an ambiguous statute. *See Oklahoma v. United States Civil Serv. Comm'n,* 153 F.2d 280, 283 (10th Cir.1946), *aff'd,* 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794 (1947). Because we conclude § 2J1.3 and § 2X3.1 are unambiguous as applied to this case, reliance on the title is unnecessary and inappropriate. Moreover, because the sentencing guidelines do not address the significance of section titles as it does the significance of commentary, *see* U.S.S.G. § 1B1.7, we see no reason to stray from the general rules of statutory interpretation.

The *Huppert* and *Pierson* courts were also influenced by the background commentary to § 2J1.2, "Obstruction of Justice":

Commentary. Therefore, the *Huppert* decision is relevant.

The specific offense characteristics reflect the more serious forms of obstruction. Because the conduct covered by the guideline is frequently part of an effort to assist another person to escape punishment for a crime he has committed, an alternative reference to the guideline for accessory after the fact is made.

U.S.S.G. § 2J1.2, comment. (backg'd) (1990). However, this commentary was amended in 1991. U.S.S.G. App. C § 401 at 289–90. The Sentencing Commission deleted the phrase "assist another person to escape punishment for a crime he has committed, an alternative reference to the guideline for accessory after the fact is made." In its place, the Commission inserted:

avoid punishment for *an offense that the defendant has committed* or to assist another person to escape punishment for an offense, a cross reference to § 2X3.1 (Accessory After the Fact) is provided. Use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, *whether such offense was committed by the defendant or another person.*

*Id.* (emphasis added). It is clear from the commentary in effect at the time of Mr. Glover's sentencing that the sentencing court did not err in applying the cross-reference.[7]

## II

■ Mr. Glover argues that even if the court properly used the cross-reference to § 2X3.1 (Accessory After the Fact), it erred in calculating his base offense level by using the quantity of methamphetamine associated with his brother's conviction. Mr. Glover asserts the sentence must be limited to the drug quantities about which he testified during his brother's trial.

Mr. Glover's testimony at his brother's trial related to six pounds of methamphetamine. Using six pounds of methamphetamine would result in a base offense level of 12 (equivalency of 2.6 kilograms of marijuana), minus 6 levels as prescribed in § 2X3.1,

7. In fact, these changes to the commentary have caused the Fourth Circuit to question *its* holding in *Pierson. See United States v. Jamison,* 996 F.2d 698, 701 n. 3 (4th Cir.1993).

thus ending with a base offense level of 6. However, his brother was convicted of crimes involving 17.69 kilograms of methamphetamine. This amount established a base offense level of 36. U.S.S.G. § 2D1.1(c)(2). Therefore, the base level offense for Mr. Glover, pursuant to § 2X3.1, was 30, rather than 6.

Mr. Glover cites no law in arguing the sentencing court erred in using the full amount of methamphetamine from the underlying offense. He simply argues that for a fair and consistent application of the cross-reference, the base offense level should stem from his testimony. He claims the dangers of the sentencing court's interpretation of the Guidelines would be revealed if the third party were acquitted of the underlying offense. If this happened, Mr. Glover asserts, § 2X3.1 would have no application because there would be no underlying offense. However, neither § 2J1.3 nor § 2X3.1 require the third party be convicted of the underlying offense.

Mr. Glover's irreconcilable statements were not limited to six pounds of methamphetamine. His affidavit broadly claimed his brother did not participate in the operation of the methamphetamine laboratory and received no profits from the sale of the drugs. Because Mr. Glover's statements relate to his brother's entire underlying offense and are not purely limited to six pounds of methamphetamine, we need not decide whether the content of a perjurer's statement can limit the sentence imposed under § 2X3.1. We find no support in the Guidelines to limit the sentencing calculations in Mr. Glover's case to the quantity of drugs attributed only to the amount in his trial testimony. Therefore, the sentencing court was correct in using the entire underlying offense to calculate Mr. Glover's base offense level.

### III

Mr. Glover's final issue on appeal is whether the sentencing court properly calculated his criminal history category. The court increased his criminal history by three points because he committed the present offenses while serving a sentence for the charge of Continuing Criminal Enterprise (case No. 91–CR–050–001–C). *See* U.S.S.G. § 4A1.1(d) and (e). Mr. Glover contends this was an error because his crime of making irreconcilable sworn statements began before he was sentenced on his guilty plea to Continuing Criminal Enterprise.

It is undisputed that Mr. Glover executed the affidavit for his brother while he was serving this sentence. It was the affidavit that completed Mr. Glover's crime of perjury. If he had not given the affidavit, then he would not have violated § 1623(c) by making, under oath, "irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court." 18 U.S.C. § 1623(c). Thus, Mr. Glover committed the crime while serving his sentence for case No. 91–CR–050–001–C.

Mr. Glover also argues the increase was improper because the prior conviction used to increase his criminal history was vacated by reason of double jeopardy implications. However, it was not the conviction for case No. 91–CR–050–001–C that was vacated. It was an earlier conviction, case No. 89–CR–056–001–E, that was vacated because that offense was deemed to be included in the conviction for case No. 91–CR–050–001–C. The sentencing court did not give Mr. Glover any criminal history points for case No. 89–CR–056–001–E. Therefore, Mr. Glover's argument is without merit.

### CONCLUSION

Section 2J1.3 directs the sentencing court to use § 2X3.1 (Accessory After the Fact) to calculate the base offense level if perjury was committed "in respect to a criminal offense" and results in a higher offense level. The sentencing court found these conditions were met and, therefore, correctly applied the cross-reference to § 2X3.1 (Accessory After the Fact). Also, we find no error in the court's calculations of the base offense level and the criminal history category. Accordingly, we **AFFIRM** Mr. Glover's sentence.