F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS C. KNOWLES, a/k/a Harvey
Hamilton, a/k/a Lynn Curtis Ross,

    Defendant-Appellant.

No. 96-2244
(D.C. No. CR-95-600-BB)
(D. N.M.)

**ORDER AND JUDGMENT**[1]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[1] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Thomas C. Knowles, also know as Harvey Hamilton and Lynn Curtis Ross, appeals the sentence imposed following his guilty plea for failure to appear in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i). He was sentenced to a term of thirty months imprisonment followed by three years of supervised release. Mr. Knowles contends the district court improperly applied United States Sentencing Guidelines § 2J1.6 (1995) (U.S.S.G.), and abused its discretion in failing to grant him a downward departure. This appeal comes to us from an *Anders* brief filed by Mr. Knowles' counsel.[1] We affirm Mr. Knowles' sentence.[2]

On November 1, 1995, Mr. Knowles was charged by a criminal complaint alleging he passed, with intent to defraud, and possessed counterfeit $100 federal reserve notes in violation of 18 U.S.C. § 472. At his initial appearance on the same day, Mr. Knowles was released on personal recognizance and ordered to appear on November 6, 1995 for a preliminary hearing. Mr. Knowles failed to appear at his preliminary hearing. A bench

---

[1] In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court provided a procedure for appellate counsel to withdraw from representation if he finds the appeal lacks merit. In accord with *Anders* procedure, Mr. Knowles' counsel requested permission to withdraw and submitted a brief referring to arguments discussed in this opinion that might arguably support the appeal.

[2] Because we find Mr. Knowles' appeal lacks merit, we grant permission to Mr. Knowles' counsel to withdraw from further representation of Mr. Knowles in connection with this appeal. *See Anders*, 386 U.S. at 744.

warrant was issued for Mr. Knowles' arrest.

On November 16, 1995, an indictment was returned charging Mr. Knowles with two counts of Utter and Possess Counterfeit Obligations in violation of 18 U.S.C. § 472. Mr. Knowles was subsequently arrested on April 16, 1996, on the warrant relating to his indictment. On June 4, 1996, he pleaded guilty to one count of failure to appear, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i). The counterfeiting charges were dropped as part of Mr. Knowles' plea bargain.

Mr. Knowles' Presentence Report ("PSR") recommended a sentence between thirty to thirty-seven months, based on a total offense level of thirteen with a criminal history category of V. The PSR calculated Mr. Knowles' sentence using a base offense level of six under U.S.S.G. § 2J1.6(a)(2), plus a nine-level enhancement under U.S.S.G. § 2J1.6(b)(2)(A)[3] because the underlying counterfeit currency offense under 18 U.S.C.

---

[3] The relevant provisions of U.S.S.G. § 2J1.6 (Failure to Appear by Defendant) provide:

(a) Base Offense Level:

(1) 11, if the offense constituted a failure to report for service of sentence; or

(2) 6, otherwise.

....

3

§ 472 carried a maximum penalty of fifteen years, less a two level decrease pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility.

Prior to sentencing, Mr. Knowles moved for a downward departure from the PSR recommended sentence on the ground U.S.S.G. § 2J1.6 was incorrectly applied. However, the district court denied Mr. Knowles' motion because it concluded Mr. Knowles' case was "within the heartland of the sentencing guidelines for failure to appear."

Mr. Knowles makes the same claims on appeal as he made in his presentencing motion. Mr. Knowles first contends the trial court erred in applying U.S.S.G. § 2J1.6 because according to the guideline commentary, § 2J1.6 only "applies to a failure to appear by a defendant who was released pending trial, sentencing, appeal, or surrender for service of sentence," and not as in his case for failure to appear pending a preliminary hearing. U.S.S.G. § 2J1.6, comment. (backg'd.). Mr. Knowles does not dispute the district court's factual findings.

---

[b](2) If the base offense level is determined under subsection (a)(2), and the underlying offense is --

(A) punishable by death or imprisonment for a term of fifteen years or more, increase by 9 levels ....

4

"We review the district court's legal interpretation of the guidelines *de novo*." *United States v. Agbai*, 930 F.2d 1447, 1448 (10th Cir. 1991).  The district court correctly applied U.S.S.G. § 2J1.6 because Mr. Knowles failed to appear for a court proceeding while released pending trial.  Mr. Knowles had been arrested and charged by a criminal complaint for violations of 18 U.S.C. § 472.  At Mr. Knowles' initial appearance, the district court exercised its authority pursuant to 18 U.S.C. § 3142(a)[4] to release Mr. Knowles on personal recognizance pending trial.  *See also* Fed. R. Crim. P. 5(c) and 46(a).  A condition of Mr. Knowles' release pending trial was that he attend his preliminary hearing, and he failed to appear.  Therefore, the  district court properly applied § 2J1.6 to Mr. Knowles' sentence.

Mr. Knowles also contends the district court abused its discretion in not departing downward from his recommended sentence because had he only pleaded guilty to the

---

[4]  18 U.S.C. § 3142 provides:

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, *pending trial*, the person be--

    (1) released on personal recognizance ...;
    (2) released on a condition or combination of conditions ...;
    (3) temporarily detained ...; or
    (4) detained [until and during trial] ....

(Emphasis added.)

counterfeit currency charge rather than the failure to appear charge, his sentence would have been less. However, as this court ruled in *Agbai*, it is "logical and compelling" to link the severity of the failure to appear sentence to the maximum penalty of the underlying charge even when the defendant is acquitted of the underlying charge. 930 F.2d at 1449-50. The district court recognized it had discretion to depart downward, but declined to do so. When a district court recognizes its authority to depart but refuses to exercise that discretion, we have no jurisdiction to review the district court's decision. *United States v. Sanders*, 18 F.3d 1488, 1490 (10th Cir. 1994). As a result, we do not consider Mr. Knowles' second contention.

Accordingly, we **AFFIRM** Mr. Knowles' sentence.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge