[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2008
THOMAS K. KAHN
CLERK

_____

Nos. 07-11976 & 07-13041
Non-Argument Calendar

_____

D. C. Docket Nos. 06-00422-CR-T-30-TBM & 05-00395-CR-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM E. BURKE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(March 26, 2008)**

Before TJOFLAT, BLACK and WILSON, Circuit Judges.

PER CURIAM:

William E. Burke appeals his conviction for making irreconcilably inconsistent material statements under oath, in violation of 18 U.S.C. § 1623, and the revocation of his probation on a separate charge due to the conviction. On appeal, Burke argues that there was insufficient evidence to support his conviction under § 1623 and that the district court abused its discretion in revoking his probation because he was not on probation when he committed the § 1623 violation.

## I. Sufficiency of the Evidence

Here, where Burke timely moved for a judgment of acquittal (*see* Government's Brief at 9), we review the sufficiency of the evidence de novo. *United States v. Bender*, 290 F.3d 1279, 1283-84 (11th Cir. 2002). "We view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *Id*. at 1283 (internal quotation marks omitted).

To sustain a false declaration conviction, the government must prove that the defendant, while under oath, knowingly made a false material declaration. Section 1623(c) further provides:

(c) An indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury of the United States, the defendant under oath has knowingly made two or more

2

declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if--

(1) each declaration was material to the point in question, and

(2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury. It shall be a defense to an indictment or information made pursuant to the first sentence of this subsection that the defendant at the time he made each declaration believed the declaration was true.

18 U.S.C. § 1623(c).

As § 1623(c) indicates, while the government is required to show that Burke knowingly made two or more declarations under oath that are irreconcilably contradictory, the government need not prove which of the declarations was false. *See Dunn v. United States,* 442 U.S. 100, 108, 99 S. Ct. 2190, 2195, 60 L. Ed. 2d 743 (1979) (explaining that §1623(c) "was a response to perceived evidentiary problems in demonstrating perjury" and the statute relieved the government from "proving which of two or more inconsistent declarations was false"); *accord United States v. Jaramillo,* 69 F.3d 388, 390 (9th Cir. 1995); *United States v. McAfee,* 8 F.3d 1010, 1014 (5th Cir. 1993).

3

Generally, the knowledge element of an offense may be proven through circumstantial evidence. *United States v. Macko*, 994 F.2d 1526, 1533 (11th Cir. 1993). We have held that, in combination with other evidence, a jury may consider a defendant's statements as substantive evidence of his guilt when the jury disbelieves his testimony. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). "This rule applies with special force where the elements to be proved for a conviction include highly subjective elements: for example, the defendant's intent or knowledge . . . ." *Id.* at 315.

At trial on the subject § 1623 offense, the government showed, through the use of a government witness and transcript testimony, Burke's two inconsistent statements taken under oath: (1) the October 14, 2005 plea hearing where Burke pled guilty to "knowingly and corruptly" accepting a $3,000 bribe;[1] and (2) the

---

[1]Specifically, the following colloquy occurred:

The Court: Let me review with you, Mr. Burke, the elements of the offense. First, that you, a public official, demanded and sought, received and accepted, agreed to receive and accept either personally and for another person and entity, something of value, in this case, $3000. Secondly, that you did so knowingly and corruptly in return for being influenced in the performance of an official act and being influenced to allow and to make opportunity for the commission of a fraud on the United States. Do you understand what you are charged with and the elements of the crime?
Mr. Burke: Yes, Your Honor.
The Court: How do you plead, Mr. Burke, guilty or not guilty?
Mr. Burke: Guilty, Your Honor.
. . .
The Court: Did you, Mr. Burke, acting in such a capacity [as a public

4

May 2006 trial of Burke's co-defendant (who allegedly offered Burke the bribe) where Burke testified that he did not knowingly accept a bribe.[2]

In his defense to the § 1623 charge, Burke testified that following his guilty plea, but before his May 2006 testimony, he had done some soul searching and research, and no longer believed that he had knowingly accepted a bribe. (Doc. 49 at 79, 8:06-422).

Burke contends that the government's evidence was insufficient because it only showed that Burke's declarations were inconsistent—not that Burke made the declarations *knowing* that they were false. Burke maintains that he made each statement believing it to be true at the time when he testified, which negates the knowledge element of the charge.

We hold that there was sufficient evidence to support Burke's § 1623

---

official] accept approximately $3000 from someone else?
      Mr. Burke: Yes, Your Honor.
      The Court: And did you do this knowingly and corruptly in return for being influenced in the performance of an official act or to make an opportunity for the commission of a fraud on the United States?
      Mr. Burke: Yes, Your Honor.

(Doc. 12 at 20, 22, 8:05-395).

[2]Burke testified that, if he did impermissibly receive money, he did so unwittingly because he did not intent to accept a bribe. (Exhibits Folder, Government's Ex. 7 at 159.) More pointedly, Burke was asked "Did you commit a crime with [the co-defendant]?" (Gov't Ex. 7 at 161, 8:06-422.) Burke answered: "In my heart of hearts, I do not think I committed a crime." (*Id*.)

5

conviction. Despite Burke's testimony to the contrary, the jury was permitted to reject Burke's proffered explanation for his inconsistent statements and infer from the circumstantial evidence that he knowingly made a materially false declaration under oath during his plea hearing or at his co-defendant's trial. *See United States v. Williams*, 390 F.3d 1319, 1326 (11th Cir. 2004) ("Where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in her own defense, the Defendant's testimony, denying guilt, may establish, by itself, elements of the offense.").

## II. Probation Revocation

Burke argues that he did not violate his probation on the bribery offense because he was not on probation when he testified to accepting a bribe at his October 14, 2005 plea hearing. Burke does not dispute that he *was* on probation when he provided contrary testimony at the May 2006 trial of his co-defendant.

We review "a district court's revocation of probation for an abuse of discretion." *United States v. Mitsven*, 452 F.3d 1264, 1266 (11th Cir.), *cert. denied*, — U.S. —, 127 S. Ct. 663, 166 L. Ed. 2d 521 (2006). We review a district court's statutory interpretation de novo. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006) (per curiam).

We have not addressed when a § 1623(c) violation occurs. The Tenth

6

Circuit, however, has addressed the issue in the context of whether certain sentencing enhancements apply. *See United States v. Glover*, 52 F.3d 283, 287 (10th Cir. 1995). In *Glover*, Glover was indicted on a charge of Continuing Criminal Enterprise (CCE), pled guilty, and testified against a codefendant in exchange for a reduced sentence. *Id.* at 284. When the codefendant moved for a new trial, Glover executed an affidavit recanting his trial testimony and declaring that his trial testimony was false. *Id.* Glover subsequently was indicted for making irreconcilably contradictory sworn declarations, in violation of § 1623(c), and he pled guilty. *Id.* Because it was undisputed that Glover was serving his sentence for the CCE conviction when he executed the affidavit, the district court enhanced his criminal history by three points. *Id*. at 287. The Tenth Circuit held that the affidavit completed Glover's crime; i.e., "[i]f [Glover] had not given the affidavit, then he would not have violated § 1623(c) by making, under oath, 'irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court.'" *Id*. (quoting 18 U.S.C. § 1623(c)).

We agree with Tenth Circuit. Under the plain language of § 1623(c), a violation does not occur until a defendant makes a statement under oath that is irreconcilable with a prior statement under oath. Here, Burke completed the § 1623(c) offense during the May 2006 trial of his co-defendant, at which time he

7

was on probation.  The district court, therefore, did not abuse its discretion in revoking Burke's probation.  Accordingly, we affirm.

**AFFIRMED.**