# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1424
_____

United States of America,

*Plaintiff - Appellee*,

v.

Humberto Jacobo,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: September 18, 2012
Filed: November 30, 2012
_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Humberto Jacobo pleaded guilty to failure to appear at a change of plea hearing in a drug trafficking case, in violation of 18 U.S.C. § 3146(a)(1). In calculating the advisory sentencing guideline range, the district court[1] applied a nine-level increase

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

to Jacobo's offense level, pursuant to USSG § 2J1.6(b)(2)(A), because the "underlying offense" in respect to which Jacobo failed to appear carried a maximum punishment of life imprisonment.  Jacobo appeals his sentence, and we affirm.

In April 2004, a grand jury charged Jacobo with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).  Jacobo failed to appear at a change of plea hearing on July 12, 2005.  As a result, a grand jury returned another indictment in October 2009, charging Jacobo with failure to appear.  Authorities arrested Jacobo in June 2011, and in October 2011, he pleaded guilty to failure to appear.  During the pendency of the failure-to-appear case, in January 2010, the district court granted the government's motion to dismiss the April 2004 indictment against Jacobo without prejudice, and he was never convicted of the underlying drug trafficking offense.

In determining the advisory guideline sentencing range for the offense of failure to appear, the district court applied a base offense level of six, USSG § 2J1.6(a)(2), a nine-level increase because "the underlying offense" was "punishable by death or imprisonment for a term of fifteen years or more," *id*. § 2J1.6(b)(2)(A), and a two-level reduction for acceptance of responsibility, *id*. § 3E1.1(a), resulting in a total offense level of 13 and a guideline range of 15-21 months' imprisonment.  The court then imposed a sentence of 18 months' imprisonment.

Jacobo argues for the first time on appeal that the district court erred in applying the nine-level increase under § 2J1.6(b)(2)(A), because the government failed to prove with reliable evidence that Jacobo actually committed the underlying offense of conspiracy to distribute methamphetamine.  There is no requirement, however, that the prosecution prove the underlying offense, so there was no plain error.  The "underlying offense" is "the offense in respect to which the defendant failed to appear."  USSG § 2J1.6, comment. (n.1).  If that offense is "punishable" by imprisonment for a term of fifteen years or more, then the guidelines direct the court

to apply a nine-level increase. Unlike other guidelines cited by Jacobo that depend on whether a defendant committed another offense, *e.g., United States v. Raglin*, 500 F.3d 675, 677 (8th Cir. 2007) (discussing USSG § 2K2.1(b)(6)), the focus of § 2J1.6(b)(2) is on the punishment authorized for the offense with which the defendant had been charged when he failed to appear. "There is a direct relationship between the length of the *potential sentence* which one who fails to appear attempts to evade and the seriousness of the evasion." *United States v. Agbai*, 930 F.2d 1447, 1450 (10th Cir. 1991) (emphasis added). The issue is not whether the defendant actually committed the underlying offense. *See United States v. Nelson*, 919 F.2d 1381, 1384 (9th Cir. 1990) (upholding application of § 2J1.6(b) in a sentencing for failure to appear, even though the defendant had been acquitted of the underlying offense after his failure to appear); *Agbai*, 930 F.2d at 1449-50 (agreeing with *Nelson*). Because Jacobo's underlying offense of conspiracy to distribute methamphetamine was punishable by up to life imprisonment, *see* 21 U.S.C. § 841(b)(1)(A)(viii), the district court correctly applied the nine-level increase.

The judgment of the district court is affirmed.

_____