999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario MORENO-HERNANDEZ Defendant-Appellant
 No. 92-50573.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided July 26, 1993.
 
 1
 Before NOONAN and LEAVY, Circuit Judges, and TANNER**, Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant Mario Moreno-Hernandez appeals his 125-month sentence imposed following his jury conviction for conspiracy to transport illegal aliens, 2 counts of transporting aliens, and being an alien found in the United States after being deported pursuant to conviction for a felony. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm his conviction, but vacate his sentence and remand for resentencing consistent with 8 U.S.C. § 1326(b)(1).
 
 I. Background
 
 4
 Defendant was tried by jury and found guilty on all counts. The court sentenced defendant to 60 months on counts 1-3, conspiracy and smuggling illegal aliens, and 125 months on count 4, being an alien found in the country following deportation pursuant to a felony conviction, with count 4 to run concurrent to counts 1-3, followed by a 3-year period of supervised release on each count, to run concurrent.[1]
 
 
 5
 As to count 4, the probation officer arrived at a base offense level of 8. Sixteen levels were added under U.S.S.G. Section 2L1.2(b)(2) based on a previous deportation after conviction for an aggravated felony, increasing his offense level to 24. Defendant's criminal history was determined to be category VI. The district court adopted the Guidelines calculations of the probation officer.
 
 II. Merits
 Computation of Criminal History
 
 6
 Defendant Moreno-Hernandez claims the district court improperly computed his criminal history category. Because defendant's prior felony convictions were counted separately rather than as one related offense, defendant's criminal history was determined to be a VI rather than a V.
 
 
 7
 Commentary Note 3 to U.S.S.G. Section 4A1.2 provides that "[p]rior sentences are not to be considered related if they were separated by an intervening arrest", (i.e., the defendant is arrested for the first offense prior to committing the second offense). Defendant contends that his prior offenses were consolidated for trial and therefore were related.
 
 
 8
 The question of whether prior offenses are related under U.S.S.G. Section 4A1.2 is a mixed question of law or fact reviewed de novo. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992). Any findings of fact underlying the district court's sentencing decision are reviewed for clear error. Id.
 
 
 9
 The district court made a finding that defendant's prior convictions were not consolidated for purposes of Section 4A1.2. The findings of a district court will not be disturbed unless clearly erroneous. United States v. Chapnick, 963 F.2d at 226. The district court's findings were based on state court documents regarding defendant's two convictions, and on facts determined in the probation department's presentence report. Those facts included the finding that defendant's offenses were separated by an intervening arrest. Under Commentary Application Note 3 to U.S.S.G. Section 4A1.2, prior sentences are not related if separated by an intervening arrest. The district court's finding that the offenses were not consolidated (and therefore related) is not clearly erroneous.
 
 Proof of Prior Felony Convictions
 
 10
 Defendant argues that the district court erred in sentencing him to a term of imprisonment in excess of the statutory maximum allowed for reentry after deportation following conviction for a felony, 8 U.S.C. § 1326(b)(1). We review the legality of a sentence de novo. U.S. v. Campos-Martinez, 976 F.2d 589, 590 (9th Cir.1992).[2]
 
 
 11
 Defendant contends that existence of a prior conviction for an aggravated felony is a necessary element of 8 U.S.C. § 1326(b)(2) and that the government's failure to offer proof of an aggravated felony conviction at trial requires his resentencing. This issue has been resolved by United States v. Gonzales-Medina, 976 F.2d 570 (9th Cir.1992). In that case, we held that the existence of a prior felony conviction is a necessary element of an offense under 8 U.S.C. § 1326(b) and that the government's failure to prove this element required that defendant's sentences be vacated, and remanded for resentencing. Id. at 572.
 
 
 12
 Here, count 4 of the indictment charged the defendant with a violation of 8 U.S.C. § 1326. The indictment did not refer to a specific subsection of § 1326.[3]
 
 
 13
 Section 1326(b)(2), however, requires that the government establish defendant's reentry after deportation following conviction for an 'aggravated' felony. The government must therefore, prove that the felony was 'aggravated'.
 
 
 14
 At trial the defendant stipulated to deportation following a felony conviction, not to having been deported following an aggravated felony.
 
 
 15
 In addition, the jury was instructed on the three elements of § 1326(b)(1), and not the additional § 1326(b)(2) element (aggravation). Accordingly, the defendant can only have been convicted of having violated 8 U.S.C. § 1326(b)(1).
 
 
 16
 Because defendant was sentenced under U.S.S.G. Section 2L1.2(b)(2), 16 levels were added to defendant's base offense level rather than 4 under U.S.S.G. 2L1.2(b)(1). Defendant's 125-month sentence exceeded the lawful maximum of five years under 8 U.S.C. § 1326(b)(1).
 
 
 17
 The government's argument that the defendant waived his challenge to count 4 of the indictment because he failed to object that the indictment was defective or duplicitous misses the point. Defendant does not allege that the indictment was duplicitous. The indictment properly charged the defendant with a violation of § 1326(b)(1), and thus was not defective.
 
 
 18
 The conviction is affirmed, but the sentence is VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The base offense level for counts 1-3 is 9. The district court increased defendant's offense level 2 points for role in the offense, section 3B1.1(c), and added 2 points for reckless endangerment during flight under 3C1.2, for an adjusted offense level of 13
 
 
 [2]
 8 U.S.C. § 1326(b)(1) carries a maximum five-year sentence, while § 1326(b)(2) carries a maximum 15-year term of imprisonment
 
 
 [3]
 The indictment charged the defendant with reentry following deportation subsequent to a conviction for commission of a felony. It did not include the element that defendant was convicted of an aggravated felony