8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lali Sorrentino PIMENTEL, Defendant-Appellant.
 No. 92-50097.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 31, 1993.*
Decided Sept. 17, 1993.
 
 Before: TANG, CANBY, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lali Pimentel (hereinafter the "appellant") appeals her convictions for violations of 18 U.S.C. § 371, conspiracy; 18 U.S.C. § 1546(a), subscribing and presenting false statements in amnesty applications; and 18 U.S.C. § 2(a), aiding and abetting. Her appeal alleges that she was denied effective assistance of counsel because of a conflict of interest arising from the joint representation of her and her codefendant husband, because of her counsel's failure to object to leading questions, and because her counsel asked a prosecution witness an inappropriate question. In addition, the appellant alleges that her sentence should be reversed and remanded because of the district court's erroneous belief that it did not have the authority to make a downward departure for her extraordinary family circumstances under Section 5H1.6 of the Sentencing Guidelines. We affirm the convictions, but reverse and remand for further sentencing proceedings.
 
 DISCUSSION
 I.
 
 3
 "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991). The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record. Id. Nevertheless, such claims may be reviewed on direct appeal in two instances: "1) when the record on appeal is sufficiently developed to permit review and determination of the issue, ... or 2) when the legal representation is so inadequate that it obviously denies a defendant his [or her] Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992) (quotations and citations omitted). Neither exception is applicable to this case.
 
 
 4
 Because the appellant's ineffective assistance of counsel claim is best raised as a collateral issue under 28 U.S.C. § 2255, we decline to reach its merits on direct appeal.
 
 II.
 
 5
 Section 5H1.6 (1991) of the Sentencing Guidelines provides:
 
 
 6
 Family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range.
 
 
 7
 We have clearly acknowledged the possibility of a downward departure in a case involving extraordinary family circumstances. See United States v. Shrewsberry, 980 F.2d 1296, 1298 (9th Cir.1992), petition for cert. filed, May 28, 1993; United States v. Anders, 956 F.2d 907, 913 (9th Cir.1992), cert. denied, 113 S.Ct. 1592 (1993); United States v. Boshell, 952 F.2d 1101, 1107 (9th Cir.1991); United States v. Berlier, 948 F.2d 1093, 1096 (9th Cir.1991).
 
 
 8
 A district court's decision that it has no authority to depart from the Sentencing Guidelines is reviewed de novo. United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990). However, absent constitutional concerns, a discretionary refusal not to depart downward is unreviewable on appeal. Shrewsberry, 980 F.2d at 1298; United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990).
 
 
 9
 In this case, it is unclear from the record whether the district court believed that it did not have the authority to depart downward under section 5H1.6, or whether the district court was simply exercising its sentencing discretion in failing to grant the appellant a downward departure for her family circumstances. The appellant is a single mother of a young, diabetic child in need of constant care. These family circumstances may rise to an "extraordinary" level, and this case is remanded for resentencing so that the district court may determine and indicate on the record whether, and to what extent, it will exercise its authority to depart under section 5H1.6. We therefore vacate the sentence and remand for further proceedings.
 
 
 10
 AFFIRMED IN PART AND VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3