UNITED STATES of America, Plaintiff–Appellee,

v.

Eugene Davis WASHINGTON, Defendant–Appellant.

No. 93–50786.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 11, 1995.

Decided Oct. 4, 1995.

Sung B. Park, Tarzana, CA, for defendant-appellant.

Peter S. Spivack, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

■ Eugene Davis Washington was convicted of bribing one of the jurors in his earlier trial on drug charges. Washington challenges his sentence on the ground that the district court erred in applying U.S.S.G. § 2J1.2(c)(1)'s cross-reference to U.S.S.G. § 2X3.1 ("Accessory After the Fact"). We agree with Washington and remand for resentencing.[1]

### I.

In April 1988, Eugene Davis Washington was indicted for possession with intent to distribute and conspiracy to possess with intent to distribute ten kilograms of cocaine. The first trial ended in a mistrial when the jury deadlocked 11 to 1 in favor of conviction. A second trial in 1989 also ended in a mistrial when the jury deadlocked 9 to 3 in favor of conviction. Washington subsequently entered into an agreement with the government, pleading guilty to one count of possession with intent to distribute 4.9 kilograms of cocaine and five counts of bank fraud. He was sentenced to five years imprisonment.

In November 1992, while serving his five-year sentence, Washington was indicted for: (1) conspiracy to obstruct justice, in violation of 18 U.S.C. § 371; (2) obstruction of justice, in violation of 18 U.S.C. § 1503; and (3) bribery of a juror, in violation of 18 U.S.C. § 201. All three counts concerned Washington's attempt to bribe one of the jurors in his first trial for cocaine possession and distribution. The government introduced evidence from two witnesses who stated that, at Washington's behest, they had approached a juror in the first trial and offered him a job and a car in exchange for his voting to acquit Washington. The juror, who was the lone holdout, confirmed that he had been approached by the two men. Testifying on his own behalf, Washington denied any involvement in the alleged acts of bribery.

After a seven-day trial, Washington was convicted on all three counts. Applying U.S.S.G. § 2J1.2(c)(1)'s cross-reference to U.S.S.G. § 2X3.1, the district court determined that Washington's base offense level was 24. Washington was sentenced to 12 years in prison and three years probation, and was ordered to pay a $750,000 fine.

### II.

Washington argues that the district court erred in computing his base offense level. Section 2J1.2 of the Sentencing Guidelines prescribes the offense level for "Obstruction of Justice."[2] There is no dispute that the district court was correct in looking to this

---

1. For the reasons stated in an unpublished memorandum disposition filed today, we affirm Washington's conviction and reject his other challenges to his sentence.

2. § 2J1.2. *Obstruction of Justice*

   (a) Base Offense Level: 12
   (b) Specific Offense Characteristics
   (1) If the defendant obstructed or attempted to obstruct the administration of justice by causing or threatening to cause physical injury to a person or property, increase by 8 levels.
   (2) If the defendant substantially interfered with the administration of justice, increase by 3 levels.
   (c) Cross Reference
   (1) If the conduct was obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to such criminal offense, if the resulting offense level is greater than that determined above.

guideline section as an initial matter. The question is whether it was correct in applying section 2J1.2(c)(1)'s cross-reference to section 2X3.1 ("Accessory After the Fact"), which provides an alternate method for calculating the offense level. We hold that the district court erred in applying the cross-reference.

### A.

Section 2J1.2's cross-reference provides that "[i]f the conduct was obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to such criminal offense, if the resulting offense level is greater than that determined above." U.S.S.G. § 2J1.2(c). In 1988, when the juror bribery occurred, the commentary notes to § 2J1.2 read in pertinent part:

> Because the conduct covered by this guideline is frequently part of an effort to assist another person to escape punishment for a crime he has committed, an alternative reference to the guideline for accessory after the fact is made.

U.S.S.G. § 2J1.2, Commentary (1988). Washington argues on appeal that the comment restricted the application of § 2J1.2(c)'s cross-reference to the "Accessory After the Fact" guideline to those cases in which the defendant is an accessory to *another* person's crime. Because Washington's criminal actions were part of an attempt to escape punishment for *his own* crime, he contends that the cross-reference is inapplicable.

In November 1991, after Washington's acts of bribery but before his trial for those acts, the commentary to section 2J1.2 was amended (the relevant new language is boldfaced):

> Because the conduct covered by this guideline is frequently part of an effort **to avoid punishment for an offense that the defendant has committed or** to assist another person to escape punishment for an offense, a cross reference to § 2X3.1 (Accessory After the Fact) is provided. Use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, **whether such offense was committed by the defendant or another person.**

U.S.S.G. § 2J1.2, Commentary (1991). Thus, the amended commentary permits a defendant to be sentenced as an "Accessory After the Fact" to his own crime.

Washington contends that this amendment substantively changed the guideline by allowing the "Accessory After the Fact" guideline to be applied to a defendant whose wrongdoing is part of an effort to escape punishment for an offense that he himself committed. The government, on the other hand, argues that the 1988 commentary merely clarified the scope of section 2J1.2's cross-reference to section 2X3.1. The district court adopted the government's argument that the amendment was a clarifying rather than a substantive change and used section 2X3.1 to calculate Washington's offense level. Application of the cross-reference resulted in a more severe sentence than Washington would have received under section 2J1.2.

### B.

■ In determining the appropriate sentence, courts should generally apply the Guidelines "that are in effect on the date the defendant is sentenced ..." 18 U.S.C. § 3553(a)(4)(A). Commentary to the guidelines, including any subsequent amendments, is binding unless it conflicts with the language of the guideline it interprets. *Stinson v. United States*, —— U.S. ——, —— —— ——, 113 S.Ct. 1913, 1918–19, 123 L.Ed.2d 598 (1993). The Supreme Court, however, has recognized that ex post facto problems arise when a guideline is substantively amended to increase punishment. *Miller v. Florida*, 482 U.S. 423, 433, 107 S.Ct. 2446, 2452–53, 96 L.Ed.2d 351 (1987). For this reason, amended commentary should not be applied to pre-enactment conduct if the amendment substantively affects the interpretation of the guideline in a manner that results in an increase in punishment. An amendment is substantive unless it "plainly serve[s] to clarify pre-existing law...." *United States v. Bishop*, 1 F.3d 910, 912 (9th Cir.1993).

The Sentencing Commission stated that the amendment to section 2J1.2's commentary "clarifies the types of circumstances to which §§ 2J1.2(b)(1) and 2J1.2(c)(1) apply." U.S.S.G., App. C, ¶ 401, at 233–34. Although

we give some weight to the Commission's statement that an amendment is intended to clarify, *United States v. Johns,* 5 F.3d 1267, 1269 (9th Cir.1993), such a declaration will not compel retroactive application of the guideline if the amendment is truly substantive in nature. *United States v. Donaghe,* 50 F.3d 608, 612 (9th Cir.1994). As the Second Circuit observed in *United States v. Guerrero,* the Commission's statements that an amendment is clarifying "cannot be accepted as conclusive" because to do so "would enable the Commission to make substantive changes in the guise of clarification." 863 F.2d 245, 250 (2nd Cir.1988). Regardless of the Sentencing Commission's stated intent, an amendment does not apply to crimes committed before its effective date if it changes the substantive law. *United States v. Smallwood,* 35 F.3d 414, 418 n. 8 (9th Cir.1994); *see also United States v. Bertoli,* 40 F.3d 1384, 1405 (3rd Cir.1994).

We hold that the 1991 amendment to section 2J1.2's commentary is substantive rather than clarifying and, therefore, that it cannot be applied to Washington. As the Third Circuit pointed out in *Bertoli,* the plain language of the pre–1991 commentary limited the applicability of the cross-reference to cases in which "the defendant's obstructionist activity was directed at assisting *another* person to escape punishment for a crime." *Id.* at 1406 (emphasis in original). Moreover, the *Bertoli* court observed, application of the cross-reference has the "anomalous" consequence of requiring that a defendant be sentenced as an "Accessory After the Fact" to his own crime. *Id.* While such a result may be compelled by the amended commentary, it is an unlikely interpretation of the Guidelines' language and is contrary to the pre–1991 commentary. For this reason, the Third Circuit concluded that the amendment to the commentary was a substantive change that could not be applied to preenactment conduct. *Id.*

Cases from other circuits lend support to the *Bertoli* court's conclusion that the 1991 amendment is substantive. Interpreting section 2J1.2 before the 1991 amendment, the Eleventh Circuit concluded that the "Accessory After the Fact" guideline does *not* apply to defendants who obstruct investigations into their own crimes. *United States v. Huppert,* 917 F.2d 507 (11th Cir.1990). Likewise, in *United States v. Pierson,* 946 F.2d 1044 (4th Cir.1991), the Fourth Circuit held that a defendant could not be sentenced as an accessory after the fact for lying about a bombing in which he was indicted as the principal.[3] The conclusion reached in both *Huppert* and *Pierson,* that the pre–1991 commentary limited application of the "Accessory of Fact" cross-reference to cases in which the defendant helped *another* person escape punishment, supports Washington's contention that the 1991 amendment was substantive.

In support of its position that the cross-reference may be applied to conduct occurring before the 1991 amendment, the government relies on the Tenth Circuit's decision in *United States v. Glover,* 52 F.3d 283 (10th Cir.1995) and the Second Circuit's decision in *United States v. Gay,* 44 F.3d 93 (2d Cir. 1994). Neither of these cases helps us to answer the question before us. In *Glover,* the court affirmed the district court's application of the "Accessory After the Fact" cross-reference. However, it is not clear whether the defendant's conduct occurred before or after the effective date of the 1991 amendment to the commentary. Thus, it is questionable whether application of the cross-reference posed any ex post facto problems. In any event, the court in *Glover* did not address the question whether the amendment was clarifying or substantive. Instead, it simply assumed that the commentary in effect at the time of sentencing was binding. The Second Circuit's brief opinion in *Gay* likewise fails to consider the question whether the 1991 amendment is substantive or clarifying. As in *Glover,* there is no discussion of any ex post facto problem in retroactively applying commentary imposing harsher punishment than was authorized under the

---

**3.** Although *Pierson* involved U.S.S.G. § 2J1.3 ("Perjury or Subornation of Perjury; Bribery of Witness"), that guideline section has a similar cross-reference to section 2X3.1, and the commentary to section 2J1.3 suggests that it should be interpreted in a similar manner to section 2J1.2.

previous version of the commentary. Indeed, *Gay* does not discuss the amendment to the commentary at all.

We agree with the Third Circuit's conclusion in *Bertoli* that the 1991 amendment to section 2J1.2's commentary, which permits a defendant who obstructs the prosecution of his own crime to be sentenced as an "Accessory After the Fact," is a substantive rather than a clarifying change. As *Bertoli* points out, the amended commentary compels an interpretation of section 2J1.2 that is contrary to prior judicial constructions of the guideline and to the obvious meaning of the pre–1991 guideline and commentary. Because the 1991 amendment increases the penalties that Washington would face for an obstruction of justice charge, its application to his prior conduct would violate the Ex Post Facto Clause.

## III.

The district court erred in applying section 2J1.2's cross-reference to section 2X3.1. Under the version of the Guidelines in effect when Washington committed his crimes, the cross-reference was inapplicable. Although prior to his sentencing the commentary was amended to permit application of the cross-reference to defendants in Washington's position, we hold this to be a substantive rather than a clarifying change. We therefore vacate Washington's sentence and remand for the limited purpose of recalculating his base offense level under section 2J1.2, without applying the cross-reference to section 2X1.3, and resentencing him accordingly.

Sentence VACATED; REMANDED for resentencing.