**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon SANDOVAL–BARAJAS,**
**Defendant–Appellant.**

No. 00–30172.
D.C. No. CR–98–00165–FVS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2001.

Decided April 16, 2001.

Before WOOD, Jr.,* TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

This case is before us for the second time. In this appeal, we must decide whether the district court exceeded the scope of our previous remand, and if the district court plainly erred by enhancing Ramon Sandoval–Barajas's sentence on the basis of a prior aggravated felony that had not been alleged in the indictment or proved at trial beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. § 1291 (2000), and we affirm.

Sandoval–Barajas initially appealed his sentence, claiming that his previous Washington state conviction for being an alien in possession of a firearm was not an aggravated felony for federal sentencing purposes. We agreed, and remanded his case to the district court, stating: "Because Sandoval–Barajas's Washington state conviction was not an aggravated felony for federal sentencing purposes, this case is REMANDED FOR RESENTENCING." *See United States v. Sandoval–Barajas,* 206 F.3d 853, 857 (9th Cir.2000).

■ This was a general, not a limited, remand. *See, e.g., United States v. Washington,* 172 F.3d 1116, 1117–18 (9th Cir. 1999); *United States v. Allen,* 153 F.3d 1037, 1043 (9th Cir.1998); *United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994). Following a general remand, the district court "may consider any matter relevant to the sentencing." *United States v. Ponce,* 51 F.3d 820, 826 (9th Cir.1995). Therefore, the district court properly considered whether Sandoval–Barajas's sentence could be enhanced on the basis of a different prior aggravated felony, such as his 1996 Washington state felony drug conviction.

■ Moreover, the district court did not plainly err in enhancing Sandoval–Barajas's sentence on the basis of his 1996 state felony drug conviction, even though that conviction had not been alleged in the indictment or proved at trial beyond a reasonable doubt. *See United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.200).

AFFIRMED.

---

* The Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.