UNITED STATES of America, Plaintiff—Appellee,

v.

Lance Darryl OAK, Defendant—Appellant.

No. 99–50535.

D.C. No. CR–97–01058–LGB–1.

United States Court of Appeals, Ninth Circuit.

Submitted June 6, 2001.*

Decided June 8, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

### MEMORANDUM **

Lance Darryl Oak appeals his five concurrent sentences of 60 months for two counts of bank fraud in violation of 18 U.S.C. § 1344; two counts of false entries in violation of 18 U.S.C. § 1005; and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and his sentence of 27 months for filing a false tax return in violation of 26 U.S.C. § 7206(1). Oak was also sentenced to five years supervised release and ordered to

pay restitution in the amount of $490,226.67 and a special assessment of $400. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and affirm Oak's sentence and reverse and remand the restitution order.

### I

Oak contends that the district court erred when it determined that the actual and intended loss to the Bank of San Pedro was $2.3 million instead of less than $1.5 million. We disagree.

The district court did not clearly err because the bank paid $11,592,155 to purchase loans from REFIE, an entity of Oak's creation, that REFIE had just purchased from CGC for $9,340,358.68. Oak argues that while the bank paid $11,592,155 for the loans it received from REFIE those loans were actually valued at $11,280,548, thus the bank only lost $311,607. However, Oak's numbers are based upon a banking report which did not take credit risk into account—a factor Oak's witness admitted was relevant to valuation. We are not firmly convinced the report was not unreliable, as the district court found. Oak further asserts that under the cooperation arrangement between the bank and CGC, the bank was supposed to receive $1.15 million, which it did not. In Oak's view this means that the bank only lost the opportunity to receive that $1.15 million. This argument fails as there is no evidence that the parties intended to abide by the cooperation agreement. In any event, Oak's use of the profits for his own benefit contradicts his claim that the parties were operating under it.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## II

Oak challenges the restitution order in three respects. First, he argues that the district court failed to make separate and distinct findings on the amount of restitution. However, this is not required where the record is clear, as it was here. *See United States v. Mills,* 991 F.2d 609, 611 (9th Cir.1993). Oak also contends that the amount of restitution needs to be recalculated to reflect the fact that the actual loss to the bank was only $311,607, based upon the valuation we have already rejected. While restitution must be based on the actual loss rather than the intended loss, we see no error because the district court determined that the $2.3 million loss was both the actual *and* intended loss. *See* 18 U.S.C. § 3663; *United States v. Catherine,* 55 F.3d 1462, 1464 (9th Cir. 1995).

Finally, Oak points out that the district court failed to take into account a $1.3 million transaction where REFIE repurchased the Rolling Hills II loan from the bank for the same price REFIE had originally sold it, thereby undoing approximately $260,000 of loss the bank had suffered. The government concedes that remand for the sole purpose of recalculating the amount of the restitution is required.

Therefore, we affirm with respect to all sentencing issues except for the amount of restitution, which must be recalculated to take into account the Bank's actual loss, net of any amounts that it has recovered as of the date of resentencing.

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this disposition.