**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lance Darryl OAK, Defendant— Appellant.**

**No. 01–50635.**

**D.C. No. CR–97–01058–LGB.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 25, 2002.*

Decided Jan. 6, 2003.

Before CHOY, FERGUSON and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Lance Darryl Oak was convicted of bank fraud in violation of 28 U.S.C. § 1334; making false entries in violation of 18 U.S.C. § 1005; conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); and filing a false tax return in violation of 26 U.S.C. § 7206(1). He appealed his sentence. We affirmed, but remanded to the district court to recalculate the restitution order to take into account any amount the victim, the Bank of San Pedro, had recovered as of the date of re-sentencing. *United States v. Oak,* 2001 WL 638412, 9 Fed.Appx. 791 (9th Cir. 2001).

On remand, the district court recalculated the amount of restitution, reducing it from $490,226.67 to $223,381.53. The court declined, however, Oak's request that it recalculate the actual and intended loss figure of $2.3 million used at trial and on Oak's first appeal. The district court concluded that the remand was limited to recalculation of the amount of restitution, and that it therefore had no jurisdiction to change the $2.3 million figure. Oak appeals.

We agree that the district court was without jurisdiction to recalculate the actual and intended loss figure of $2.3 million. When a case is remanded, the district court must proceed according to the mandate as established on appeal. *United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir.1999). The district court is without jurisdiction to revisit other issues if the court of appeals has limited the scope of the remand. *See United States v. Caterino*, 29 F.3d 1390, 1394 (9th Cir.1994) (*overruled on other grounds by Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)).

The language remanding this case stated that the sentence was "affirm[ed] with respect to *all* sentencing issues *except* for the amount of restitution" (emphases added). The district court was "without authority to reexamine any other sentencing issues on remand." *United States v. Pimentel*, 34 F.3d 799, 800 (9th Cir.1994) (per curiam). The court was therefore precluded from reevaluating the total amount of actual and intended loss.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.