**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NEWPORT YACHT CLUB, a Washington nonprofit corporation, individually and on behalf of its members; et al., | No. 12-35388 |
| | D.C. No. 2:09-cv-00589-MJP |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| CITY OF BELLEVUE, a Washington municipal corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Submitted June 7, 2013[**]
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  ALARCÓN, GILMAN[***], and IKUTA, Circuit Judges.

The Newport Yacht Club, along with William and Leanne Weinstein (the Weinsteins) appeal the district court's determination that the City of Bellevue did not breach a settlement agreement regarding the Weinsteins' development of a "salmon habitat enhancement project" on their property.  We affirm.

The district court did not exceed the scope of the Ninth Circuit's remand order.  *See United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir. 1999).  Because the parties' dispute over the meaning of the phrase "salmon habitat enhancement project" raised a factual issue, we held that the district court erred in resolving this dispute as a matter of law, and we directed the district court to determine the mutual intent of the parties at trial.  On remand, the district court properly held a trial, made the necessary determination regarding the parties' intent, and resolved the parties' dispute.

The district court did not clearly err in finding after trial that the parties intended the term "salmon habitat enhancement project" to mean a project that enhanced the raw land.  *See Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1340 (9th Cir. 1992).  This finding was supported by testimony regarding the history and context

---

[***]    The Honorable Ronald Lee Gilman, Senior Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

of the settlement agreement, as well as testimony by a fisheries expert that the phrase "salmon habitat enhancement project" in an environmental context refers to enhancement of natural land.  Because the Weinsteins' project was found not to be a salmon habitat enhancement project, we find no error in the district court's holding that Bellevue did not breach its contractual requirement to cooperate with the Weinsteins in the permitting of such a project.  Accordingly, the district court did not err in holding that Bellevue was the prevailing party.

**AFFIRMED.**