**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 8 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30280 |
| Plaintiff-Appellee, | D.C. No. 1:16-CR-02047-SMJ |
| v. | |
| GERARDO MADEROS LORETO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Argued and Submitted December 11, 2020
Seattle, Washington

Before: BERZON and MILLER, Circuit Judges, and GLEASON,** District Judge.

Gerardo Loreto appeals from the district court's imposition, at resentencing after remand in *United States v. Loreto*, 765 F. App'x 407 (9th Cir. 2019), of a 396-month sentence. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Loreto first contends that the remand was limited to resentencing him on the two methamphetamine counts, so he could not also be resentenced on the three murder-for-hire counts. This Circuit's "general practice in a remand for resentencing [is] to vacate the entire sentence." *United States v. Washington*, 172 F.3d 1116, 1118 (9th Cir. 1999). Although the scope of remand is reviewed *de novo*, "[s]ubsequent appellate panels presume that this general practice was followed unless there is clear evidence to the contrary." *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995) (internal quotation omitted).

Here, there is no "clear evidence" that the sentence was only partially vacated or that the remand was limited. The instruction that the government "must seek resentencing based solely on the basic possession conviction" is most rationally read in the context of the memorandum disposition and in light of the applicable presumption to mean that the government could not seek a sentence calculated with reference to any specific drug quantity but instead solely "on the basic possession conviction." This conclusion is bolstered by the reference to the basic possession statute, 21 U.S.C. § 841(b)(1)(C). Similarly, the language "[w]e therefore vacate the 50-gram finding and the sentence, and remand for resentencing under 21 U.S.C. § 841(b)(1)(C)," is most rationally read in context not to limit the remand but to vacate the entire sentence, and to instruct that resentencing on the methamphetamine counts must be pursuant to the statutory provision related to a conviction for basic

possession.  Moreover, the final clause states that the case was "affirmed in part, vacated in part, and remanded."  The mandate did not limit the counts to be resentenced nor did it limit the overall sentence.  *See Washington*, 172 F.3d at 1119.  The district court did not err in resentencing Loreto on all five counts.

Loreto next contends that the district court improperly relied on uncharged postconviction conduct—specifically an escape attempt—to resentence him to 36 months longer than his original sentence.  Generally, "if a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider."  *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc).  On remand, a district court is "free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo."  *Id.* at 885–86.  At resentencing, Loreto argued that it was "inappropriate" to consider his postconviction conduct on resentencing, but he did not challenge the evidence of the alleged escape attempt other than to note that the district court would have to "infer[]" from the evidence "his attempt to escape the jail."  The district court did not err in relying on Loreto's postconviction conduct to impose a longer sentence, *see Pepper v. United States*, 562 U.S. 476, 503–04 (2011), and the record does not support Loreto's claim of retaliatory sentencing.  Moreover, the government did not have to prove Loreto's postconviction conduct by clear and convincing evidence

because the enhancement for obstruction of justice did not have "an extremely disproportionate effect on the sentence relative to the offense of conviction." *United States v. Hymas*, 780 F.3d 1285, 1289 (9th Cir. 2015) (quoting *United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000)).

Loreto's other two claims of procedural error fail. First, the district court did not err in grouping all five counts when calculating the Guidelines range because both U.S.S.G. § 3D1.2(b) and § 3D1.2(c) authorize such grouping. Second, although the district court imposed some sentences consecutively to others, it did not impose a sentence that was longer than the statutory maximum.

Loreto also maintains that his 396-month sentence was substantively unreasonable. "Although we do not automatically presume reasonableness for a within-Guidelines sentence, 'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010), overruled on other grounds by *United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020) (quoting *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008)). Loreto's sentence falls within the Guidelines range of 360 months to life; the district court sufficiently explained its consideration of the 18 U.S.C. § 3553(a) factors; and the district court justified the sentence by highlighting the seriousness of Loreto's conduct. Considering the totality of the circumstances and

giving due deference to the district court, *United States v. Jenkins*, 633 F.3d 788, 809 (9th Cir. 2011), Loreto's 396-month sentence was substantively reasonable.

Finally, Loreto asserts that it was unreasonable for the district court to impose a longer sentence for a lesser quantity of methamphetamine. However, the district court reduced the methamphetamine sentences from 360 months to 156 months each; it reached a longer aggregate sentence by adjusting which counts would run consecutively.

**AFFIRMED.**